Orlando F. Cabanday (SBN 168131)
 EM: orlando@cabandaylawgroup.com
**CABANDAY LAW GROUP**
21151 S. Western Avenue, Suite 217
Torrance, CA 90501
T:        (310) 997-2558
F:        (310) 984-1735

Attorneys for Defendant
 **LPN INVESTMENTS, LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| **ERIC CLEVELAND**, an individual, | Case No.:  Pending |
| Plaintiff, | **DECLARATION OF ORLANDO F. CABANDAY** |
| v. | |
| **RUAN INVESTMENTS LLC,** a California limited liability company; SABOR CHILANGO, a business of unknown form; and DOES 1 – 10; | |
| Defendants. | |

1

**DECLARATION OF ORLANDO F. CABANDAY**

## DECLARATION OF ORLANDO F. CABANDAY

I, ORLANDO F. CABANDAY, declare and state as follows:

1.    I am an attorney duly licensed to practice before all courts of the State of California.  I am the principal of the Cabanday Law Group, attorney for Defendant LPN Investments, LLC ("Defendant.") The following facts are of my own personal knowledge and if called upon to do so, I could and would testify to the truth of the matters stated herein.  I provide this supplemental declaration in further support  of Defendant's Request for Removal.

2.    Plaintiff added Defendant into this action as DOE 1 on July 14, 2025.

3.    Defendant received service of July 26, 2025. Attached hereto as "**Exhibit A**" is a true and correct copy of the Summons, Complaint, and all other documents served on Defendant and downloaded from the Orange County Superior Court Civil Case Access for the state court action.  No other pleadings have been filed.

I declare under the laws of the United States that the foregoing is true and correct and that I executed this declaration on August 11, 2025 in Torrance, California.

_____//OFC//_____
ORLANDO F. CABANDAY

# EXHIBIT A

## SUMMONS
### (CITACIÓN JUDICIAL)

**SUM-100**

| | FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:
*(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):*
**30-2024-01448865-CU-CR-CJC**
Judge David A. Hoffer |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: 12/20/2024    DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* | _K. Clime_ , Deputy *(Adjunto)* |
|---|---|---|
| *(Fecha)* | | |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

K. Climer

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* LPN INVESTMENTS, LLC

    under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
    [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
    [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
    [✓] other *(specify):* Limited Liability Company
4. [✓] by personal delivery on *(date)* 1/26/25

| Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov* |
|---|---|---|

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>RUAN INVESTMENTS LLC, a California limited liability company; SABOR CHILANGO, a business of unknown form; and DOES 1-10<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>ERIC CLEVELAND, an individual | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>CENTRAL JUSTICE CENTER<br>700 CIVIC CENTER DRIVE WEST, SANTA ANA, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2024-01448865-CU-CR-CJC<br><br>Judge David A. Hoffer |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Frederick Chernoff 15760 Ventura Blvd., Suite 650 Encino, CA 91436 (888) 635-2250

| | | | |
|---|---|---|---|
| DATE: 12/20/2024 DAVID H. YAMASAKI, Clerk of the Court<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *K. Clime* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

K. Climer

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

Frederick Chernoff (SBN 342412)
fred@handslawgroup.com
Reha Singh (PL-512467)
reha@handslawgroup.com
Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
15760 Ventura Blvd., Suite 650
Encino, CA 91436
Telephone: (888) 635-2250

Attorneys for Plaintiff,
**ERIC CLEVELAND**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE

| | |
|---|---|
| ERIC CLEVELAND, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>RUAN INVESTMENTS LLC, a California limited liability company; SABOR CHILANGO, a business of unknown form; and DOES 1-10,<br><br>    Defendants. | Case No.:  30-2024-01448865-CU-CR-CJC<br><br>Assigned to:  **Assigned for All Purposes**<br>Judge David A. Hoffer<br><br>**COMPLAINT FOR VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181, *et seq.*; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51, *et seq.*<br><br><br><br>DEMAND FOR JURY TRIAL** |

Plaintiff, Eric Cleveland, an individual (hereinafter referred to as "Plaintiff"), complains of Ruan Investments LLC, a California limited liability company; Sabor Chilango, a business of unknown form; and Does 1-10 (each, individually a "Defendant," and collectively "Defendants"), and alleges as follows:

## I.    PARTIES

1.    Plaintiff, Eric Cleveland, is a California resident with physical disabilities. Plaintiff has been diagnosed with osteoarthritis in his hip and in his knees. He has trouble walking and standing. He also has less strength in his lower and upper body because of his condition. Plaintiff uses a cane for mobility. Plaintiff is a disabled person under the California Unruh Civil Rights Act ("UCRA") (*see* Cal. Civ. Code §§ 51, *et seq.*, 52, *et seq.*), the Americans with Disabilities Act ("ADA") (*see* 42 U.S.C. § 12102, *et seq.*), and other statutory laws that protect the rights of "disabled persons."

2.    Plaintiff is not a "high-frequency litigant" as such term is defined under California Code of Civil Procedure § 425.55 (b)(1). Plaintiff has been issued a blue permanent Disabled Person Parking Placard, by the State of California.

3.    Defendant Ruan Investments LLC, a California limited liability company, owns/owned the property (the "Property") located at 1523 W Katella Ave, Anaheim, CA 92802 at all relevant times.

COMPLAINT

4.      There is a business establishment on the Property named "Sabor Chilango." (the "Business").

5.      Defendant Sabor Chilango, a business of unknown form is/was a lessee of the Property, owns/owned the Business named "Sabor Chilango," and has/had control over its Business at all relevant times.

6.      The Business is a public accommodation as defined by 42 U.S.C. § 12181(7), and California Health and Safety Code § 19955.

7.      Prior to filing suit, Plaintiff sought relief through an informal notice to the Defendants to remove the architectural barriers encountered by Plaintiff at the Property, however, Defendants rejected Plaintiff's attempts at informal resolution. Litigation is Plaintiff's only recourse and is necessary to address the widespread discrimination that continues to occur, unchecked, throughout California over the thirty-four (34) years after the Americans with Disabilities Act became law and created prohibitions against disability access discrimination. Sadly, access barriers like the barriers encountered by Plaintiff at Defendants' Property are ubiquitous and most defendants, like the Defendants in this case, will not remove access barriers absent the filing of a lawsuit. The Business is a public accommodation as defined by 42 U.S.C. § 12181(7), and California Health and Safety Code § 19955.

8.      Plaintiff visited the Business. Plaintiff has reasons for the visits and has reasons to want to go back but for the access barriers. Plaintiff visited the Business to purchase food. Plaintiff particularly frequents this Business because

Plaintiff enjoys the Caldos Pozole Rojo from the menu.

9.      Does 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles, and/or representatives of Defendants.  Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and, therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

10.      Plaintiff alleges that Defendants, at all relevant times, were relevant to this action; were the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representative partners, subsidiaries, partner companies, and/or joint ventures of the remaining Defendants; and were acting within the course and scope of that relationship.  Plaintiff is further informed and believes and alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining Defendants.

11.      Plaintiff visited the public accommodations owned, leased, and/or operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages, and/or accommodations offered by Defendants.

12.      Plaintiff visited the Business to purchase food. Plaintiff visited this Business because he enjoys Mexican cuisine and this Business offers a Caldos Pozole Rojo which he enjoys. He has patronized this location to purchase food.

13.     The Defendants' cost to fix their Property to be in compliance with the law is infinitesimally small compared to the value of just this Property.

14.     Specifically, Plaintiff is informed and believes that the total cost to remove the barriers encountered by Plaintiff will be less than or equal to $7,050.

15.     Plaintiff is informed and believes that the cost to provide an asphalt overlay to level the parking area and the adjacent loading/unloading access aisle and to re-paint the parking area and the adjacent access aisle will be less than or equal to $3,500.

16.     Plaintiff is informed and believes that the cost to remove the uneven asphalt/concrete on the paths of travel from the designated disabled parking space and from the service facilities leading to the building/Business ramp will be less than or equal to $2,500.

17.     Plaintiff is informed and believes that the cost to level the Business entrance threshold and/or weather strip will be less than or equal to $1,000.

18.     Plaintiff is informed and believes that the cost to secure the floor mat inside the Business will be less than or equal to $50.

19.     The relative cost of remediation is quite small compared to the high value of the Property, which is conservatively valued at $4,264,160 but probably has a much higher market value. This is not to mention that Defendants have saved money since April 2017, when they acquired the Property.

20.     For over seven (7) years, the Property's owners and operators saved

money on remediations and maintenance as well as the money saved when they cut corners when initially designing the Property and its buildings. The Defendants saved in at least three ways. Even if they *finally* bring the Property into minimal compliance, they have avoided the necessary business costs that other law-abiding property owners did not avoid. This unfair refusal to follow the law gave Defendants an unfair business advantage over their law-abiding counterparts. If property owners are allowed to avoid minimal compliance until a lawsuit is filed, then the Courts will be overwhelmed, and compliance with the law will be discouraged.

## II.    JURISDICTION & VENUE

21.    This Court has subject matter jurisdiction over this action.  The Court also has personal jurisdiction over Defendants because Defendants conducted and continue to conduct substantial business in California; Plaintiff's claims arose in California; and Defendants' facility, Property, and/or Business are available for patronage in California.  The access barriers described by Plaintiff were experienced in California.

22.    Venue is proper in this Court because Defendants conduct substantial business in this county, and the real property that is the subject of this action is located in this county.  Venue is also proper because Plaintiff's cause of action arose in this county.

## III.    FACTS

COMPLAINT

23.    The Property and/or the Business owned, leased, and/or operated by Defendants is a facility that is open to the public and includes a business establishment.

24.    The Property has been newly constructed, and/or underwent remodeling, repairs, and/or alterations since 1992, and Defendants have failed to comply with California access standards that applied at the time of each new construction and/or alteration or failed to maintain accessible features in operable working condition.

25.    Plaintiff visited the Property during the relevant statutory period on January 24, 2024 to patronize the Business on the Property.

26.    The premises violated applicable California and federal construction-related accessibility standards, including Title 24 of the California Code of Regulations (California Building Standards Code), Part 36 of Title 28 of the Code of Federal Regulations (28 CFR Part 36), the ADA Standards for Accessible Design ("ADAS"), and the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG").

27.    Defendants did not offer persons with disabilities equivalent facilities, privileges, and advantages offered by Defendants to other patrons.

28.    Plaintiff encountered barriers, both physical and intangible, that interfered with, and denied, Plaintiff the ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property.

COMPLAINT

29.    Parking, route(s) of travel, signage, Business entrance, Business interior, and other architectural amenities for patrons visiting the Property are among the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

30.    However, there were inadequate accessibility features for disabled persons at the Property.  Defendants' facilities did not comply with the ADAS, ADAAG, and/or the California Building Code ("CBC").

31.    When Plaintiff visited the Property, Plaintiff experienced multiple access barriers, including but not limited to barriers related to parking, route(s) of travel, and Business interior. This list of barriers and violations is not exhaustive or completely inclusive. There are other barriers that Plaintiff encountered at Defendants' Property and Business.

Plaintiff encountered the following barriers at Defendants' facilities:

**This Property, which serves the Sabor Chilango Business, has major UNRUH/ADA violations throughout.**

**The route of travel, from the designated disabled parking area to the Business entrance of the Property, has an uneven ground surface with excess changes in level (of more than one-half inch without a ramp and/or more than one-quarter inch without a bevel). 1991 ADAS §§ 4.5.2, 4.6.8; 2010 ADAS §§ 302.1, 303.1, 303.2, 303.3, 303.4; 2010 CBC §§**

1120B.2, 1133 B.7.1, 1133B.7.4; 2019 CBC §§ 11B-303.1, 11B-303.2, 11B-303.3, 11B-303.4, 11B-303.5.  The route of travel also has slopes greater than two percent (2%). 1991 ADAS § 4.3.7; 2010 ADAS § 403.3; 2019 CBC § 11B-403.3. The route of travel has ground that is not flush or flat. The ground has pavement distresses.  Plaintiff, a cane user found it difficult and frustrating to traverse in this area on an unlevel surface because Plaintiff had to navigate even more carefully and overly concerned and fearful in order to prevent injury.  The lack of a stable, firm, and slip resistant ground surface in the route of travel denied Plaintiff full and equal use or access to the Property when Plaintiff visited.

The paint used to mark the boundaries of the designated disabled parking spaces and the access aisles cannot be clearly seen. 1991 ADAS § 4.6.3; 2010 ADAS § 502.2.; 2010 CBC §§ 1129B.3, 1129B.4; 2019 CBC §§ 11B-502.2, 11B-502.6.4.1, 502.6.4.2.  This made it difficult and frustrating for Plaintiff to identify and use the designated disabled parking space and the adjacent access aisle. Plaintiff needs to be able to identify and use the designated disabled parking space because they must be the parking space located closest to the entrance and linked to an accessible route of travel. As a person with mobility impairments, it is

9

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

more difficult for Plaintiff to maneuver about the Property, so Plaintiff needs to travel the shortest distance wherever possible. Plaintiff also needs to be able identify and use the adjacent access aisle so that Plaintiff can safely park, disembark the vehicle, and unload to access the route of travel to the Business entrance of the Property. Law enforcement must also be able to identity parkers in violation and be able to cite them. Non-disabled patrons need to also identify the boundaries to provide additional space to the disabled patrons. Plaintiff knows from past experience that when the paint for the designated disabled parking space and/or access aisle is worn and aged, there is a greater risk that non-disabled patrons will park there, which would prevent a disabled person from using it and accessing the Business, thereby denying them equal use or access to the Property.

The paint used for the required surface signage in the adjacent access aisles to the designated disabled parking spaces at the Property is unclear. The words "NO PARKING," which are required to be painted in every access aisle, are not clear and legible. 2010 ADAS § 502.3.3; 2010 CBC § 1129B.3.1; 2019 CBC § 11B-502.3.  This made it difficult and frustrating for Plaintiff to identify and use the designated disabled parking area, therefore denying them full and equal use or access to the

10

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Property when Plaintiff visited.  Plaintiff needs to be able to locate the designated disabled parking space(s) and the adjacent access aisle so that Plaintiff can use them to safely park, disembark the vehicle, and unload. Further, due to the lack of proper surface signage, Plaintiff experienced further frustration because Plaintiff knows that this will make it more likely that non-disabled patrons will improperly park in the designated disabled parking area, as they would not be adequately deterred. The lack of signage adds anxiety to their visits because it makes it difficult for able bodied persons to understand where they must give additional room, makes it difficult for disabled persons to see where the space is, and makes it difficult for law enforcement to cite those illegally parked.

The designated disabled parking space and adjacent access aisle at the Property contain excess changes in level (of more than one-half inch without a ramp and/or more than one-quarter inch without a bevel) and have slopes and cross slopes that are greater than two percent (2%). 1991 ADAS § 4.6.3; 2010 ADAS § 502.4; 2010 CBC § 1129B.3.4; 2019 CBC § 11B-502.4. The asphalt is uneven, and the ground has sunken and cracked parts.  Plaintiff found it difficult and frustrating to traverse in this area on an unlevel surface because Plaintiff had to navigate even more carefully to prevent injury and had to traverse with a heightened

11
COMPLAINT

1
2
3
4

**and distressing fear of injury. The lack of level ground surfaces in the designated disabled parking denied Plaintiff full and equal use or access to the Property when Plaintiff visited.**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**The route of travel from the designated disabled parking space to the Business entrance has/have slopes greater than 1:20 (5%), but there is no compliant ramp (with appropriate level ramp landings at the top and bottom of each ramp). 1991 ADAS §§ 4.3.7, 4.8.1; 4.8.4(2), 4.8.4(3); 2010 ADAS § 403.3; 2010 CBC §§ 1133B.5.4.2, 1133B.5.4.6; 2019 CBC § 11B-403.3. It is difficult for Plaintiff, a cane user to walk/travel on sloped surfaces that do not provide the safety features of a compliant ramp. These excess changes in level pose risks to Plaintiff, including that he may fall. The lack of a complaint ramp, with its attendant safety/accessibility features, denied Plaintiff full and equal use or access during his by making it difficult/harder for them to traverse the Property/route.**

24
25
26
27
28

**The front door entrance threshold and/or weather strip at the Business entrance of the Property has changes in level greater of more than one-half inch without a ramp and/or more than one-quarter inch without a bevel.  1991 ADAS § 4.13.8; 2010 ADAS § 404.2.5; 2010 CBC §**

**1133B.2.4.  The excess change in level at the front door entrance caused Plaintiff to experience difficulty and frustration when trying to walk and pass through the entrance when Plaintiff visited the property because Plaintiff had to navigate even more carefully to prevent injury and had to traverse with a heightened sense of fear of injury. Plaintiff was denied full and equal use or access to the Property when Plaintiff visited because of the unlevel threshold/weather strip at the front entrance of the Business on the property.**

**The floor mat located inside the Business located at the Property is not securely attached to a stable surface. 1991 ADAS § 4.5.3; 2010 ADAS § 302.2; 2010 CBC § 1124B.3; 2019 CBC § 11B-302.2. Because the mat is not secure, they can roll and buckle, making it difficult and frustrating for Plaintiff to maneuver through the Business. Plaintiff experienced difficulty and frustration because Plaintiff had to navigate even more carefully to prevent injury and had to tread fearfully and was therefore denied full and equal use or access to the Property when Plaintiff visited.**

32.     Plaintiff personally encountered the foregoing barriers on (and the foregoing barriers existed) during each and every one of Plaintiff's visits.

33.     These inaccessible conditions denied Plaintiff full and equal access,

and caused Plaintiff difficulty, humiliation, embarrassment, and/or frustration.

34.    Defendants knew that the foregoing architectural barriers prevented

access.  Plaintiff will prove that Defendants had actual knowledge that the

architectural barriers prevented access, and that the noncompliance with the ADA

Standards for Accessible Design ("ADAS"), ADA Accessibility Guidelines for

Buildings and Facilities ("ADAAG"), and/or the California Building Code ("CBC")

was intentional.

35.    Plaintiff intends and plans to visit the Property again soon.  Currently,

Plaintiff is reasonably deterred from returning to Defendants' public

accommodation facilities because of the knowledge of barriers to equal access,

relating to Plaintiff's disabilities, that continue to exist at the Property.

36.    Defendants failed to maintain in working and usable condition those

features necessary to provide ready access to persons with disabilities.

37.    Defendants have the financial resources to remove all of the

aforementioned barriers without much expense or difficulty in order to make their

Property and Business more accessible to their mobility impaired customers.  The

removal of these barriers is readily achievable.  The United States Department of

Justice has determined that removal of these types of barriers is readily achievable.

38.    On information and belief, Plaintiff alleges that Defendants refuse to

remove all of the aforementioned barriers.

39.    On information and belief, Plaintiff alleges that Defendants' failure to

remove all of the aforementioned barriers was/is intentional, because the barriers are logical and obvious.  During all relevant times, Defendants had authority, control, and dominion over these conditions; thus, the failure to provide accessible facilities was not a mishap, but rather an intentional act.

40.    These barriers to access are described herein without prejudice to Plaintiff citing additional barriers to access after further inspection by Plaintiff's experts and/or access agents.  *See Doran v. 7-ELEVEN, Inc.*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to his or her disability removed, regardless of whether he or she personally encountered them); *Thurston v. Midvale Corp*., 39 Cal. App. 5th 634 (2019).

## IV. FIRST CAUSE OF ACTION:  VIOLATIONS OF THE
## AMERICANS WITH DISABILITIES ACT OF 1990
## (42 U.S.C. § 12101, *et seq.*)

(Against All Defendants)

41.    Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

42.    Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation.  42

U.S.C. § 12182(a).

43.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges, and/or accommodations they offered during each visit, and each incident of a deterred visit.

44.    The acts and omissions of Defendants herein were/are in violation of Plaintiff's rights under the ADA and the regulations codified at 28 C.F.R. Part 36, *et seq*.

45.    Pursuant to the ADA, discrimination is a "failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."  42 U.S.C. § 12182(b)(2)(A)(ii).

46.    The ADA requires removal of architectural barriers in existing facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv) ("discrimination includes … a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, … where such removal is readily achievable").  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or

expense." 42 U.S.C. § 12181(9).  Barriers are defined by reference to the ADA Standards for Accessible Design (ADAS), found at 28 C.F.R. Part 36, including the ADA Accessibility Guidelines for Buildings and Facilities (ADAAG), at Part 36, Appendix A.

47.    If removal of any barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if the alternative methods are readily achievable.  42 U.S.C. § 12182(b)(2)(A)(v).

48.    Defendants can remove the architectural barriers at their facility without much difficulty or expense.  Defendants violated the ADA by failing to remove the barriers because removal was readily achievable.  For instance, there are companies that can repaint parking areas for as little as $350.  Defendants can afford such costs, which are a fraction of what Defendants receive in (rental or business) profits in connection with such a large and expensive property.

49.    Alternatively, if it was not "readily achievable" for Defendants to remove barriers at their facilities, Defendants violated the ADA by failing to make their services available through alternative methods that are readily achievable.

50.    On information and belief, Plaintiff alleges that the facility was altered after January 26, 1992, mandating compliance with accessibility requirements under the ADA.

51.    The ADA requires that facilities altered in a manner that affects or

could affect their usability must be made readily accessible to individuals with

disabilities to the maximum extent feasible.  42 U.S.C. § 12183(a)(2).

52.    Defendants altered the facilities at the Property in a manner that

violated the ADA, and/or failed to make the Property readily accessible to

physically disabled persons to the maximum extent feasible.

53.    The ADA also requires reasonable modifications in policies, practices,

or procedures, when such modifications are necessary to afford goods, services,

facilities, privileges, advantages, or accommodations to individuals with

disabilities, unless the entity can demonstrate that making such modifications

would fundamentally alter the nature of such goods, services, facilities, privileges,

advantages, or accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).

54.    Defendants violated the ADA by failing to make reasonable

modifications in policies, practices, or procedures at the Property when these

modifications were necessary to afford (and would not fundamentally alter the

nature of) the goods, services, facilities, privileges, advantages, or accommodations.

55.    Plaintiff seeks a finding from this Court that Defendants violated the

ADA, so that Plaintiff may pursue damages under California's Unruh Civil Rights

Act.

56.    Here, Defendants' failure to make sure that accessible facilities were

available to, and ready to be used by, Plaintiff was/is a violation of law.

57.    Plaintiff would like to continue to frequent the Property; however,

Plaintiff is deterred from doing so because Plaintiff has been discriminated against and is aware of accessibility barriers at the Property.

58.    Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with federal and state disability access laws, and remediation of the existing access violations (i.e., removal of the existing barriers) at the Property.

## V. SECOND CAUSE OF ACTION: VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT

### (Cal. Civ. Code §§ 51-53)

(Against All Defendants)

59.    Plaintiff repleads and incorporates by reference, as though fully set forth herein, the allegations contained in all prior paragraphs of this complaint.

60.    California Civil Code § 51 states, in part: "All persons within the jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

61.    California Civil Code § 51 also states, in part: "No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person."

62.    California Civil Code § 51(f) specifically incorporates, by reference, an individual's rights under the ADA into the Unruh Civil Rights Act ("UCRA").

63.     The UCRA also provides that a violation of the ADA, or California state accessibility regulations, is a violation of the UCRA.  Cal. Civ. Code § 51(f); *see Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D. Cal. 1994).

64.     Defendants' above-mentioned acts and omissions have violated the UCRA by denying Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, and services they offer, on the basis of Plaintiff's disabilities.

65.     Defendants' above-mentioned acts and omissions have also violated the UCRA by denying Plaintiff's rights to equal access pursuant to the ADA; and, thus, Defendants are liable for damages.  *See* Cal. Civ. Code § 51(f), 52(a).

66.     Because Defendants' violation of the UCRA resulted in difficulty, discomfort, humiliation, frustration, and/or embarrassment for Plaintiff, Defendants are each also responsible for statutory damages.  *See* Cal. Civ. Code § 55.56(a), (c).

67.     Plaintiff was (actually) damaged by Defendants' wrongful conduct. Plaintiff seeks actual damages, and statutory minimum damages of four thousand dollars ($4,000) for each offense.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For injunctive relief compelling Defendants to comply with the

   Americans with Disability Act.  Note:  Plaintiff is not invoking section 55

of the California Civil Code and is not seeking injunctive relief under the

Disabled Persons Act.

2. Damages under the Unruh Civil Rights Act, which provides for actual

damages and statutory minimum damages of $4,000 per each offense.

3. Reasonable attorney fees, litigation expenses, and costs of suit, pursuant

to Cal. Civ. Code § 52.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.


Dated:  December 20, 2024          THE LAW OFFICE OF HAKIMI & SHAHRIARI


                          By:  _____
                               FREDERICK CHERNOFF, ESQ.
                               Attorney for Plaintiff, Eric Cleveland

**CIV-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 342412 | *FOR COURT USE ONLY* |
|---|---|---|
| NAME: Frederick Chernoff | | |
| FIRM NAME: The Law Office of Hakimi & Shahriari | | |
| STREET ADDRESS: 15760 Ventura Blvd., Suite 650 | | |
| CITY: Encino    STATE: CA    ZIP CODE: 91436 | | |
| TELEPHONE NO.: (888) 635-2250    FAX NO.: | | |
| E-MAIL ADDRESS: fred@handslawgroup.com | | |
| ATTORNEY FOR (name): Plaintiff, Eric Cleveland | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE |
|---|
| STREET ADDRESS: 700 Civic Center Drive |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Santa Ana, CA 92701 |
| BRANCH NAME: Central Justice Center |

| Plaintiff/Petitioner: Eric Cleveland, an individual |
|---|
| Defendant/Respondent: Ruan Investments LLC, et al. |

| **REQUEST FOR** (Application) | [x] **Entry of Default** [ ] **Court Judgment** | [ ] **Clerk's Judgment** | CASE NUMBER: 30-2024-01448865-CU-CR-CJC |
|---|---|---|---|

| **Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.);** (see form CIV-105) |
|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): 12/20/2024
   b. by (name): Plaintiff, Eric Cleveland
   c. [x] Enter default of defendant (names):
      RUAN INVESTMENTS LLC, a California limited liability company

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on (date):

2. **Judgment to be entered.**          Amount          Credits acknowledged          Balance
   a. Demand of complaint . . . . . . . . . . . . $          $          $
   b. Statement of damages*
      (1) Special . . . . . . . . . . . . . . . . . . . . $          $          $
      (2) General . . . . . . . . . . . . . . . . . . . $          $          $
   c. Interest . . . . . . . . . . . . . . . . . . . . . . $          $          $
   d. Costs (see reverse) . . . . . . . . . . . . . $          $          $
   e. Attorney fees . . . . . . . . . . . . . . . . . $          $          $
   f. **TOTALS** . . . . . . . . . . . . . . . . . . . . $          $          $
   g. **Daily damages** were demanded in complaint at the rate of: $          per day beginning (date):
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: July 23, 2025

Frederick Chernoff
_____          ▶ _____
(TYPE OR PRINT NAME)                         07/28/2025    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) [xx] Default entered as requested on (date): |
|---|---|
| | (2) [ ] Default NOT entered as requested (state reason): |

DAVID H. YAMASAKI, Clerk of the Court          Clerk, by _____Natasha_____ , Deputy          Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2023]
**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**
Code of Civil Procedure, §§ 585–587, 1169
www.courts.ca.gov

**CIV-100**

| | |
|---|---|
| Plaintiff/Petitioner: Eric Cleveland, an individual<br>Defendant/Respondent: Ruan Investments LLC, et al. | CASE NUMBER:<br>30-2024-01448865-CU-CR-CJC |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☒ did **not** for compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

  a. Assistant's name:   c. Telephone no.:

  b. Street address, city, and zip code:   d. County of registration:

  e. Registration no.:

  f. Expires on *(date):*

5. ☒ **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a)).* This action

  a. ☐ is  ☒ is not  on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

  b. ☐ is  ☒ is not  on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

  c. ☐ is  ☒ is not  on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

  a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

  b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

  (1) Mailed on *(date):* July 23, 2025   (2) To *(specify names and addresses shown on the envelopes):*

  RUAN INVESTMENTS 17254 Santa Clara Street, Fountain Valley, CA 92708
  Sabor Chilango 1523 W Katella Ave., Suite 101, Anaheim, CA 92802
  LPN Investments 1523 West Katella Avenue Anaheim, CA 92802

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date:  July 23, 2025

| | |
|---|---|
| _____<br>Frederick Chernoff<br>(TYPE OR PRINT NAME) | ▶ _____<br>(SIGNATURE OF DECLARANT) |

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

  a. Clerk's filing fees   . . . . . . . . . . . . . . . . . . . $

  b. Process server's fees   . . . . . . . . . . . . . . . . $

  c. Other *(specify):*   $

  d.   $

  e. **TOTAL**  . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

  f. ☐ Costs and disbursements are waived.

  g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing item 7 is true and correct.

Date:

| | |
|---|---|
| _____<br>(TYPE OR PRINT NAME) | ▶ _____<br>(SIGNATURE OF DECLARANT) |

CIV-100

| | |
|---|---|
| Plaintiff/Petitioner: Eric Cleveland, an individual<br>Defendant/Respondent: Ruan Investments LLC, et al. | CASE NUMBER:<br>30-2024-01448865-CU-CR-CJC |

8.   **Declaration of nonmilitary status** *(required for a judgment).*
No defendant/respondent named in item 1c is in the military service of the United States as defined by either the Servicemembers Civil Relief Act (see 50 U.S.C. § 3911(2)) or California Military and Veterans Code sections 400 and 402(f).

I know that no defendant/respondent named in item 1c is in the U.S. military service because *(check all that apply):*

a.   ☐   the search results that I received from *https://scra.dmdc.osd.mil/* say the defendant/respondent is not in the U.S. military service.

b.   ☐   I am in regular communication with the defendant/respondent and know that they are not in the U.S. military service.

c.   ☐   I recently contacted the defendant/respondent, and they told me that they are not in the U.S. military service.

d.   ☐   I know that the defendant/respondent was discharged from U.S. military service on or about *(date):*

e.   ☒   the defendant/respondent is not eligible to serve in the U.S. military because they are:
☐   incarcerated   ☒   a business entity

f.   ☐   other *(specify):*

---

**Note**
- U.S. military status can be checked online at *https://scra.dmdc.osd.mil/.*
- If the defendant/respondent is in the military service, or their military status is unknown, the defendant/respondent is entitled to certain rights and protections under federal and state law before a default judgment can be entered.
- For more information, see *https://selfhelp.courts.ca.gov/military-defaults.*

---

I declare under penalty of perjury under the laws of the State of California that the foregoing item 8 is true and correct.

Date: July 23, 2025

| | |
|---|---|
| Frederick Chernoff |  |
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 342412 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Frederick Chernoff, Esq. | | |

FIRM NAME: The Law Office of Hakimi & Shahriari
STREET ADDRESS: 15760 Ventura Blvd., Suite 650
CITY: Encino     STATE: CA     ZIP CODE: 91436
TELEPHONE NO.: (888) 635-2250     FAX NO.:
EMAIL ADDRESS: fred@handslawgroup.com
ATTORNEY FOR (name): Plaintiff, Eric Cleveland

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Eric Cleveland
DEFENDANT/RESPONDENT: Ruan Investments LLC, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [x] **UNLIMITED CASE**       [ ] **LIMITED CASE** | 30-2024-01448865-CU-CR-CJC |
| (Amount demanded exceeds $35,000)   (Amount demanded is $35,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 05/28/2025     Time: 9:00:00 AM     Dept.: C24     Div.:     Room:

Address of court *(if different from the address above):*

[x] Notice of Intent to Appear by Telephone, by *(name):* Frederick Chernoff

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Plaintiff, Eric Cleveland
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 12/20/2024
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [x] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [x] have been served but have not appeared and have not been dismissed *(specify names):*
         Ruan Investments LLC and Sabor Chilango

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in   [x] complaint       [ ] cross-complaint       *(Describe, including causes of action):*
      ADA; UNRUH Civil Rights Act

**Page 1 of 5**

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER:  Eric Cleveland | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Ruan Investments LLC, et al. | 30-2024-01448865-CU-CR-CJC |

4.  b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*
Plaintiff encountered barriers, both physical and intangible on visits to Defendant's property. Plaintiff was discriminated against due to his disability.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request   ☒  a jury trial   ☐  a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for  *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a.  ☒  days *(specify number):* 3-4 days

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒  by the attorney or party listed in the caption   ☐  by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                                            f.  Fax number:

e.  Email address:                                               g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel   ☒  has   ☐  has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party   ☐  has   ☐  has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**

STREET ADDRESS:  700 W. Civic Center Drive

MAILING ADDRESS:  700 W. Civic Center DRIVE

CITY AND ZIP CODE:  Santa Ana, CA  92701

BRANCH NAME:  Central Justice Center

TELEPHONE NUMBER:  (657) 622-6878

SHORT TITLE:  CLEVELAND VS. RUAN INVESTMENTS LLC

| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br><br>30-2024-01448865-CU-CR-CJC |
|---|---|

As of the start date noted below, your case has been re-assigned for all purposes to the judicial officer indicated below. The hearing dates of all matters currently set are to remain and will be heard before the judicial officer indicated below. A copy of this information must be provided to any new parties that you bring into this action.

The court determines that for purposes of exercising C.C.P. 170.6 rights, there are two sides in this matter unless, prior to the expiration of time in which to exercise said rights, the contrary is first brought to the attention of the Court, by Ex Parte Motion. Counsel have 15 days from the date of the enclosed certificate of mailing in which to exercise any rights under C.C.P. 170.6

**Assigned To:**  Judge Lindsey Martinez          **Dept #** C24

**Start Date:**      05/05/2025                **Location:** Central Justice Center
                                                        700 W. Civic Center Drive
                                                        Santa Ana, CA  92702

Date:  04/17/2025                Clerk of the Court, by: _____ Deputy

---

**NOTICE OF CASE REASSIGNMENT**                                          Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA  92702

**SHORT TITLE:** CLEVELAND VS. RUAN INVESTMENTS LLC

| | |
|---|---|
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2024-01448865-CU-CR-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above <u>NOTICE OF CASE REASSIGNMENT</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u> on <u>04/17/2025</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>04/18/2025</u>.

Clerk of the Court, by: _____ , Deputy

THE LAW OFFICE OF HAKIMI & SHAHRIARI
15760 VENTURA BOULEVARD # 650
ENCINO, CA 91436

CM-110

| PLAINTIFF/PETITIONER: Eric Cleveland | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ruan Investments LLC, et al. | 30-2024-01448865-CU-CR-CJC |

10. c.   In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: Eric Cleveland | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ruan Investments LLC, et al. | 30-2024-01448865-CU-CR-CJC |

## 11. Insurance

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 12. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy    ☐ Other *(specify):*

Status:

## 13. Related cases, consolidation, and coordination

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

## 14. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 15. Other motions

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Plaintiff expects to file a motion for summary judgment. Plaintiff expects to file a motion to compel discovery responses if Defendants do not provide timely responses or adequately respond to discovery.

## 16. Discovery

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Requests for Production; Requests for Admission; | |
| Defendants | Deposition of PMK; Special Interrogatories; | |
| Defendants | Form Interrogatories; Land Inspection | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER:  Eric Cleveland | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Ruan Investments LLC, et al. | 30-2024-01448865-CU-CR-CJC |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
Defendants have not appeared.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached *(if any):* _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 05/12/2025

Frederick Chernoff
_____
(TYPE OR PRINT NAME)

▶ *Gene Chernoff*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Cleveland vs. Ruan Investments LLC

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2024-01448865-CU-CR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that that the following document(s), Notice of Hearing OC, was transmitted electronically by an Orange County Superior Court email server on December 28, 2024, at 12:30:00 PM PST. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

THE LAW OFFICE OF HAKIMI & SHAHRIARI
fred@handslawgroup.com

THE LAW OFFICE OF HAKIMI & SHAHRIARI
peter@handslawgroup.com

THE LAW OFFICE OF HAKIMI & SHAHRIARI
reha@handslawgroup.com

THE LAW OFFICE OF HAKIMI & SHAHRIARI
anoush@handslawgroup.com

Clerk of the Court, by: *Fred Acosta*, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**V3 1013a (June 2004)**                                                    Code of Civ. Procedure , § CCP1013(a)

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FOR COURT USE ONLY**<br><br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE*<br><br>**Dec 28, 2024**<br><br>Clerk of the Court<br>By: **K. Climer**, Deputy |
| PLANTIFF: Eric Cleveland | |
| DEFENDANT: Ruan Investments LLC et.al. | |
| Short Title: CLEVELAND VS. RUAN INVESTMENTS LLC | |

| | |
|---|---|
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2024-01448865-CU-CR-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>05/28/2025</u> at <u>09:00:00 AM</u> in Department <u>C16</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** CLEVELAND VS. RUAN INVESTMENTS LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **30-2024-01448865-CU-CR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 12/28/2024. Following standard court practice the mailing will occur at Sacramento, California on 12/30/2024.

Clerk of the Court, by: _____ , Deputy

THE LAW OFFICE OF HAKIMI & SHAHRIARI
15760 VENTURA BOULEVARD # 650
ENCINO, CA 91436

**V3 1013a (June 2004)**                                        Code of Civil Procedure , § CCP1013(a)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

STREET ADDRESS:  700 W. Civic Center Drive

MAILING ADDRESS:  700 W. Civic Center DRIVE

CITY AND ZIP CODE:  Santa Ana, CA  92701

BRANCH NAME:  Central Justice Center

TELEPHONE NUMBER:  (657) 622-6878

SHORT TITLE:  CLEVELAND VS. RUAN INVESTMENTS LLC

| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br>30-2024-01448865-CU-CR-CJC |
|---|---|

As of the start date noted below, your case has been re-assigned for all purposes to the judicial officer indicated below. The hearing dates of all matters currently set are to remain and will be heard before the judicial officer indicated below. A copy of this information must be provided to any new parties that you bring into this action.

The court determines that for purposes of exercising C.C.P. 170.6 rights, there are two sides in this matter unless, prior to the expiration of time in which to exercise said rights, the contrary is first brought to the attention of the Court, by Ex Parte Motion. Counsel have 15 days from the date of the enclosed certificate of mailing in which to exercise any rights under C.C.P. 170.6

**Assigned To:**  Judge Lindsey Martinez          **Dept #** C24

**Start Date:**      05/05/2025                 **Location:** Central Justice Center
                                                      700 W. Civic Center Drive
                                                      Santa Ana, CA  92702

Date:  04/17/2025

Clerk of the Court, by: _____ Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA  92702

**SHORT TITLE:** CLEVELAND VS. RUAN INVESTMENTS LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2024-01448865-CU-CR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>NOTICE OF CASE REASSIGNMENT</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u> on <u>04/17/2025</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>04/18/2025</u>.

Clerk of the Court, by: _____ , Deputy

THE LAW OFFICE OF HAKIMI & SHAHRIARI
15760 VENTURA BOULEVARD # 650
ENCINO, CA 91436

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FOR COURT USE ONLY**<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: Eric Cleveland | **Dec 28, 2024** |
| DEFENDANT: Ruan Investments LLC et.al. | Clerk of the Court<br>By: **K. Climer,** Deputy |
| Short Title: CLEVELAND VS. RUAN INVESTMENTS LLC | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2024-01448865-CU-CR-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>05/28/2025</u> at <u>09:00:00 AM</u> in Department <u>C16</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** CLEVELAND VS. RUAN INVESTMENTS LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **30-2024-01448865-CU-CR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 12/28/2024. Following standard court practice the mailing will occur at Sacramento, California on 12/30/2024.

Clerk of the Court, by: _____ , Deputy

THE LAW OFFICE OF HAKIMI & SHAHRIARI
15760 VENTURA BOULEVARD # 650
ENCINO, CA 91436

Orlando F. Cabanday (SBN 168131)
 EM: orlando@cabandaylawgroup.com
**CABANDAY LAW GROUP**
21151 S. Western Avenue, Suite 217
Torrance, CA 90501
T:          (310) 997-2558
F:          (310) 984-1735

Attorneys for Defendant
 **LPN INVESTMENTS, LLC**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF  ORANGE

| | |
|---|---|
| **ERIC CLEVELAND**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**RUAN INVESTMENTS LLC**, a California Limited Liability Company; and DOES 1 - 10<br><br>Defendants. | Case No. 30-2024-01448865-CU-CR-CJC<br><br>**LPN INVESTMENTS, LLC'S ANSWER TO THE UNVERIFIED TO COMPLAINT** |

1

**ANSWER**

Defendant LPN INVESTMENTS, LLC ("Defendant") sued as DOE 1 hereby answers the unverified complaint of Plaintiff Eric Cleveland ("Plaintiff") as follows:

1.      Defendant generally and specifically denies the allegations in Plaintiff's Complaint prayer for relief and further avers that Plaintiff is not entitled to any relief in this action against Defendant.

## AFFIRMATIVE DEFENSES

2.      By alleging the affirmative defenses set forth below, Defendant does not agree or concede that it bears the burden of proof or the burden of persuasion on any of the issues, whether in whole or in part. Defendant hereby asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

3.      Defendant asserts with respect to all causes of action in the Complaint that Plaintiff fails to state a claim for which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

4.      Defendant alleges on information and belief that Plaintiff is estopped from bringing any cause of action against Defendant arising out of the matter set forth in the Complaint as a result of Plaintiff's actions and/or inactions.

## THIRD AFFIRMATIVE DEFENSE

5.      Defendant alleges on information and belief that as a result of Defendant's good faith conduct at all times alleged in the Complaint, Plaintiff is barred from any recovery in this action against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

6.      Defendant alleges on information and belief that Plaintiff has suffered no injury or loss as a result of Defendant's conduct and any recovery against Defendant is thereby barred.

## FIFTH AFFIRMATIVE DEFENSE

7.      Defendant alleges on information and belief that any damage that Plaintiff has incurred was due to Plaintiff's bad faith dealing and/or negligence, or due to the conduct of nonparties and/or other parties to this action, and in no way has resulted from the conduct of Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

8.     Defendant is informed, believes and therefore alleges that Plaintiff failed to mitigate any damage as a result of any action or nonaction by Defendant and to the extent of such failure to mitigate Plaintiff's damages, if any, any damages should be barred as against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

9.     Defendant is informed, believes and therefore alleges that Plaintiff lacks standing to bring any action against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

10.     Defendant believes and therefore alleges that Plaintiff is barred from recovery against Defendant to the extent Plaintiff has failed to comply with all jurisdictional requirements including any state or federal law exhaustion requirements to bring a claim for injunctive relief under the ADA.

**NINTH AFFIRMATIVE DEFENSE**

11.     Defendant believes and therefore alleges that Plaintiff is barred from pursuing his action as the ADA does not provide for a private right of action for damages.

**TENTH AFFIRMATIVE DEFENSE**

12.     Defendant believes and therefore alleges that Plaintiff's claims are barred as a result of his unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

13.     Defendant believes and therefore alleges that the relief being sought is merely for the sake of retaliation, harassment and extortion, is frivolous and is litigated in bad faith by Plaintiff, and any recovery against Defendant should be barred.

**TWELFTH AFFIRMATIVE DEFENSE**

14.     Defendant incorporates all of the affirmative defenses contemplated by rules 8 and 12 of the Federal Rules of Civil Procedure as if set forth fully herein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

15.     The claims are moot.

///

3
**ANSWER**

**FOURTEENTH AFFIRMATIVE DEFENSE**

16.    Plaintiff's claims are barred because the claimed violations are "de minimis," and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

**DEMAND FOR JURY TRIAL**

Defendant expressly reserves its right a jury on all claims and defenses  that may be tried to the jury.

Dated: August 11, 2025                                    **CABANDAY LAW GROUP**

                                                *Orlando F. Cabanday*
                                    By:_____
                                        ORLANDO F. CABANDAY
                                        Attorneys for Defendant
                                        **LPN INVESTMENTS LLC**

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 21221 S. Western Avenue, Suite 208, Torrance, CA 90501.

On August 11, 2025, I served the following document(s):

**LPN INVESTMENTS, LLC'S ANSWER TO THE UNVERIFIED
TO COMPLAINT**

on the interested parties in this action as indicated below or on the attached service list, together with this declaration, as follows:

Frederick Chernoff
fred@handslawgroup.com
Reha Singh (PL-512467)
reha@handslawgroup.com
Anoush Hakimi
anoush@handslawgroup.com
Peter Shahriari
peter@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**

**15760 Ventura Blvd., Suite 650**

Encino, CA 91436
Telephone: (888) 635-2250
ATTORNEYS FOR PLAINTIFF

( )    (By Mail) I am readily familiar with the business' practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Torrance, California.

(X) BY ELECTRONIC TRANSMISSION THROUGH THE E-FILING SYSTEM AND EMAIL By transmitting via electronic mail on or before 5:00 p.m. the document(s) listed above to each of the person(s) set forth above.

(X)    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 11, 2025, at Torrance, California.

*William Beggs*
_____
WILLIAM BEGGS

5
**ANSWER**